IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-46-2-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MARVIN EARL CANNON | ) | |

This cause comes before the Court on defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 750 and 782 to the United States Sentencing Guidelines. [DE 178]. The government has responded in opposition, and the matter is ripe for ruling. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

Defendant, Cannon, was sentenced to a term of 292 months of imprisonment after pleading guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and attempt to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846. [DE 99]. On November 23, 2016, the Court granted Cannon's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. [DE 167]. Cannon's sentence was reduced to 235 months' imprisonment. *Id.*

Cannon now seeks further reduction in his sentence, and relies on an unpublished Fourth Circuit opinion in which the court of appeals determined that the sentencing court had failed to recognize its authority to impose a comparable sentence for a defendant who was eligible for a reduction in sentence under Amendment 782 and had received a reduced original sentence based on a substantial assistance motion. *United States v. Hardy*, 640 F. App'x 233, 237 (4th Cir. 2016).

DISCUSSION

A court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances. 18 U.S.C. § 3582(c). One of those circumstances is where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . .." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a). "In such cases, Congress has authorized courts to reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 824-25 (2010) (internal quotation and citation omitted). To determine whether a prisoner is eligible for a modification of his sentence under § 3582(c)(2), a court "begin[s] by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1)).

Cannon seeks a further reduction in his sentence under Amendments 750 and 782 to the Sentencing Guidelines. Cannon was sentenced after the effective date of Amendment 750 to the Sentencing Guidelines, and additionally would have received no benefit from Amendment 750 as he was held accountable for 12,509.44 grams of crack cocaine, which even after Amendment 750 resulted in a base offense level of 38. *See* [DE 76]; *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Cannon is ineligible for a reduction in sentence under Amendment 750.

Cannon's sentence was reduced on November 23, 2016, in light of Amendment 782. As it has already considered a reduction in Cannon's sentence in light of Amendment 782, the Court is without the authority to consider a further reduction in Cannon's sentence based on the same amendment. *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010) (district court lacked

2

authority to reconsider extent of reduction under § 3582(c)(2)); *United States v. Clark*, 565 F. App'x 277, 278 (4th Cir. 2014); *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011) ("When the Sentencing Commission retroactively lowers the Guidelines range, the scheme that § 3582(c) establishes provides a district court with one—and only one—opportunity to apply the amendment to the Guidelines and modify the sentence.").

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to reduce sentence [DE 178] is DENIED.

SO ORDERED, this ⱷ7 day of November, 2018.

Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE